862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
P.J. BARRY, Mrs., Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of the Department of Health and
Human Services, Defendant-Appellee.
 No. 88-2026.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1988.
Decided: Nov. 21, 1988.
 
 James Frederick Flint (McCarthy & Durrette; Elliott Bunce, Rice, Carpenter and Caraway, on brief), for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Counsel, Department of Health and Human Services; Henry E. Hudson, United States Attorney; Dennis E. Szybala, Assistant United States Attorney, on brief), for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and DONALD RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following the death of her husband, Mrs. P.J. Barry applied for widow's insurance benefits. Mrs. Barry was already receiving benefits under her civil service pension. Normally, under 42 U.S.C. 402(e), any spousal benefit would be offset by the amount of the employee's pension. The offset provision does not apply, however, if: (1) a beneficiary is either receiving or eligible for a government pension for any month prior to July, 1983, and (2) the beneficiary meets all the requirements, including financial dependency, necessary to receive the entitlement prior to January, 1977.[1] The Secretary argues that Mrs. Barry failed to meet the statutory requirements for financial dependency upon her spouse and hence that her benefits must be subject to the customary offset.
 
 I.
 
 2
 Mr. and Mrs. Barry were married on September 26, 1953. They had one child, born in 1956. Mr. Barry died on December 9, 1963. Mr. and Mrs. Barry contributed all of their income to a common fund; there were no separate bank accounts. In 1963 Mr. Barry earned $10,640.00 and Mrs. Barry earned $5,227.60, for a combined income of $15,867.60. In reviewing Mrs. Barry's claim for widow's benefits, the Secretary found that Mrs. Barry was not receiving one half of her support from her husband "at the time of his death" as required by 42 U.S.C. 402(f)(1)(D).
 
 
 3
 Mrs. Barry appealed to the district court on two grounds. First, she argued that instead of the usual twelve month period the Secretary should have based his decision upon an examination of the financial records of the family for the last ten years, which includes Mrs. Barry's term of pregnancy. The district court upheld the use of the one year rule, finding that it allowed for a reasonable representation of Mrs. Barry's income.
 
 
 4
 Second, Mrs. Barry argued that the method for evaluating her financial contribution to the family pool was inappropriate within the context of her case. The district court found that the Secretary did erroneously allocate Mrs. Barry's income in applying the half-support rule. The court, however, after applying its own pooling method, still found that Mrs. Barry failed to qualify for the exception to the offset provision.
 
 II.
 
 5
 We affirm the decision of the district court. The primary responsibility for the fair and uniform administration of the Social Security Act must rest with the Secretary. The standards of eligibility under the spousal exception to the offset rule set forth in section 402(f)(1)(D)(i) must be determined "... in accordance with regulations prescribed by the Secretary...."
 
 
 6
 The regulations prescribed by the Secretary in 20 C.F.R. 404.366(b) indicate that one year is a reasonable period of time upon which to base an analysis of a widow's dependency: "(o)rdinarily, we consider a reasonable period to be the 12-month period immediately preceding the time when the one-half support requirement must be met under the rules...." These regulations deserve deference unless they are inconsistent with the statute.
 
 
 7
 We perceive no inconsistency. Although any time period selected by the Secretary would be necessarily arbitrary, the one year period provided in the regulations is no less arbitrary or unreasonable than any other. It is not practical to allow the time period chosen to vary with each claimant. Each claimant would invariably chose the length of time most favorable to his or her individual claim. The administrative difficulties presented by such fluctuating periods would be formidable. Extending the regulatory period from twelve months to ten years, as plaintiff urges, would present additional difficulties in record production and verification. Finally, as the district court noted, there was no reason to vary the time period in Mrs. Barry's case, because there was nothing in the record to indicate that the year prior to her husband's death was aberrational or not indicative of Mrs. Barry's earnings.
 
 
 8
 We thus affirm the Secretary's decision to confine consideration of claimant's earnings to the twelve months preceding Mr. Barry's death--the same basis on which the Secretary's determination was affirmed by the district court. We need not address, and do not address, whether the Secretary's or the district court's method of determining half-support is appropriate, for it is clear in either case that an award would not be forthcoming. To remand on this point where "there is not the slightest uncertainty as to the outcome" of the remand "would be an idle and useless formality." NLRB v. Wyman-Gordon Company, 394 U.S. 759, 766 n. 6 (1969).[2]
 
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 
 [1]
 Pub.L. 97-455 7(a) allows for an exception to the offset provision for any applicant who was eligible for benefits for any month prior to July 1983, and who meets the dependency test of one-half support as it read prior to the 1977 amendments. 42 U.S.C. 402(f)(1) (1970 ed. and Supp. V) (applied with the pronouns changed) allows for benefits for the widow or widower if he or she "... (D)(i) was receiving at least one-half of his support, as determined in accordance with regulations prescribed by the Secretary, from such individual at the time of her death...." Social Security Amendments of 1958, P.L. No. 85-840, 1958 U.S.Code Cong. & Admin.News (72 Stat.) 1194, 1206
 
 
 [2]
 Appellant's alternate analysis based upon the claim that Mrs. Barry was equally responsible for child support was vague and conclusory. As the district court noted, an obligation to support does not necessarily equate to actual expenditure of income. In addressing the question as to which pooling arrangement most clearly reflects individual contributions to the support of the child by Mr. and Mrs. Barry, appellant offers no basis to substitute its judgment for either the judgment of the Secretary or the district court